U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JAN 3 1 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION**

| | |
|---|---|
| **Charles E. Nelson** | DOCKET NO. 1:05 CV 2063 |
| | SECTION P |
| VS. | JUDGE DRELL |
| **Tim Wilkinson, Et Al** | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint filed pursuant to 42 U.S.C.§ 1983, by *pro se* Plaintiff, **Charles E. Nelson** ("Plaintiff"). Plaintiff is incarcerated at the Winn Correctional Center ("WCC") in Winnfield, Louisiana. Plaintiff was granted permission to proceed *in forma pauperis* in this action on November 15, 2005. [Rec. Doc. 3].

### Statement of the Case

Plaintiff claims WCC provided him with inadquate medical care by discontinuing the use of a drug (Ritalin) the Winn Medical staff asserts the defendant was abusing.[doc.1 pg.7]

Plaintiff is seeking money for pain and suffering and mental anguish. Plus, he is asking to be put back on his medication.

### SCREENING

Plaintiff is proceeding *in forma pauperis* in this action, thus, his complaint is subject to the screening provisions mandated in 28 U.S.C.§ 1915(e). Furthermore, as Plaintiff is a prisoner currently incarcerated and his civil action seeks redress from a

governmental entity or officer or employee of a government entity, his complaint is subject to the screening provisions of 28 U.S.C. § 1915A. These sections mandate the *sua sponte* dismissal of an action at anytime before responsive pleadings are filed, if the court finds that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See*, 28 U.S.C. §§1915(e)(B)(i)-(iii); 1915A(b)(1)-(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990); Green v. Mckaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). This screening function is juxtaposed with the court's duty to hold *pro se* complaints to less stringent standards than formal pleadings drafted by an attorney. Courts are to liberally construe such complaints when determining a whether a cause of action exists. *See*, Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)(*pro se* complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no facts in support of claim that would entitle him to relief).

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. Neiztke v. Williams, 490 U.S. 319, 327, 104 L.Ed. 2d 338, 109 S.Ct. 1827 (1989). A complaint is frivolous if it lacks an

arguable basis in law (i.e. it is based upon a undisputably meritless legal theory) or in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). Hicks v. Garner, 69 F.3d 22, 25 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); Denton v. Herndandez, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340(1992).

When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. Horton v. Cockrell, 70 F.3d 397,400 (5th Cir. 1996). After review and consideration of Plaintiff's claim, the Court finds that it must be dismissed under the authority of these provisions.

## IV. ANALYSIS

In order to state a section 1983 claim for denial of adequate medical treatment, a prisoner must allege the official(s) acted with deliberate indifference to serious medical needs. Wilson v. Seiter, 501 U.S. 294, 111 S. Ct. 2321 303, 115 L. Ed. 2d 271 (1991); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Deliberate indifference encompasses more than mere negligence on the part of prison officials. It requires that prison officials be both aware of specific facts from which the inference could be drawn that a serious medical need exists and then the prison official, perceiving this risk, must deliberately fail to act.

Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811, (1994). Deliberate indifference may be manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care. Estelle v. Gamble, 429 U.S. 97, 104-05, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). Facts underlying a claim of deliberate indifference must clearly evince the medical need in question and the alleged official dereliction. Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985) (citing, Woodall v. Foti, 648 F.2d 268 (5th Cir. 1981)). The legal conclusion of deliberate indifference, therefore, must rest on facts clearly evincing wanton actions on the part of the defendants. Johnson, 759 F.2d at 1238. Similarly, a showing of deliberate indifference requires both knowledge and disregard of a significant risk of harm. Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 755 (5th Cir. 2001). However, a disagreement with a doctor over the method and result of medical treatment does not require a finding of deliberate indifference. Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). See also, Norton v. Dimanazana, 122 F. 3d 286, 291 (5th Cir. 1997)(An inmate's disagreement with the kind of medical treatment that he has received is insufficient as a matter of law to state an Eighth Amendment violation); Varnado, 920 F.2d at 321 (Merely alleging a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension).

Furthermore, negligent medical care does not constitute a valid section 1983 claim. <u>Mendoza v. Lynaugh</u>, 989 F.2d 191, 195 (5th Cir. 1993); See also, <u>Graves v. Hampton</u>, 1 F.3d 315, 319 (5th Cir. 1993)(It is well established that negligent or erroneous medical treatment or judgment does not provide a basis for a §§ 1983 claim). As long as jail medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. <u>Youngberg v. Romeo</u>, 457 U.S. 307, 322-23, 102 S.Ct. 2452, 2461-62, 73 L.Ed.2d 28 (1982).

Finally, active treatment of a prisoner's serious medical condition does not constitute deliberate indifference, even if treatment is negligently administered. See, <u>Stewart v Murphy</u>, 174 F.3d at 534; <u>Mendoza</u>, 989 F.2d at 195; and <u>Varnado</u>, 920 F.2d at 321.

Based upon the record and all Plaintiff's allegations, the claims he presents, at most, demonstrate a disagreement between Plaintiff and the WNC medical staff regarding the treatment Plaintiff thought he should have received. Consequently, Plaintiff's constitutional claims fail because a prisoner's disagreement with the care he receives is inadequate a matter of law to state a section 1983 action. See, <u>Varnado</u>, 920 F.2d at 321 (Merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension). See also, <u>Street v. Corrections Corporation of America</u>, 102 F.3d

810, 816 (6th Cir. 1996)(patient's disagreement with his physician over the proper medical treatment alleges nothing more than a medical malpractice, and is not cognizable as constitutional claim).

Accordingly, Plaintiff has not demonstrated that the defendants actions violated his constitutional rights and thus, he has not stated a claim under section 1983. The undersigned recommends Plaintiff's claims be **DISMISSED WITH PREJUDICE** for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have **ten (10) calendar days** from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objections or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations reflected in this report and recommendation within ten (10) business days**

following the date of its service, shall bar an aggrieved party from attacking on appeal, either the factual findings or the legal conclusions that were accepted by the District Judge and that were not objected to by the aforementioned party, except upon grounds of plain error.[1]

**THIS DONE AND SIGNED** in Alexandria, Louisiana on this 3/1st day of _January_, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

---

[1] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).